14-4031-cv
Jarrell v. Hospital for Special Care

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fifteen.

PRESENT: JON O. NEWMAN,
ROBERT D. SACK,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

-----------------------------------------------------------------------

GREGORY JARRELL,

*Plaintiff-Appellant*,

v.                                                                    No. 14-4031-cv

HOSPITAL FOR SPECIAL CARE,

*Defendant-Appellee*.[*]

-----------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:        SYED ZAID HASSAN, Law Office of Zaid Hassan, LLC, Bloomfield, CT.

FOR DEFENDANT-APPELLEE:        COLLIN O'CONNOR UDELL, (Edward M. Richters, *on the brief*), Jackson Lewis P.C., Hartford, CT.

---

[*] The Clerk of the Court is respectfully directed to amend the official caption to conform to the above.

Appeal from a September 26, 2014 judgment of the United States District Court for the District of Connecticut (Hall, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Gregory Jarrell appeals from a judgment of the district court granting a motion for summary judgment by his former employer Defendant-Appellee Hospital for Special Care ("the Hospital") on his (1) race discrimination claims brought pursuant to 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51 *et seq.* ("CFEPA"), (2) retaliation claims brought pursuant to Section 1981 and Title VII, and (3) disability discrimination claims brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the CFEPA. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing a grant of summary judgment, we review the record *de novo*. *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 203 (2d Cir. 1995). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there are genuine disputes of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trustees of Columbia Univ. in City of New York*, 131 F.3d 305, 312 (2d Cir. 1997)).

1. Race Discrimination

To make out a prima facie case of discrimination in violation of Title VII, a plaintiff has the burden of establishing that: (1) he is a member of a protected class; (2) he performed the job satisfactorily or was qualified for the position; (3) an adverse employment action took place; and (4) the action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Once a plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse action. *Id.* The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext for an impermissible motivation.[1] *Id.* at 804.

---

[1] "Both . . . Title VII claims and . . . claims for race . . . discrimination under Section[] 1981 . . . are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. . . . .*" *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). "The analysis of discrimination . . . claims under CFEPA is

2

Jarrell argues on appeal that the district court erred in concluding that he was not subjected to racial discrimination when his employer issued him an April 11, 2011 disciplinary memorandum that reassigned Jarrell from the Hospital's satellite campus to its main campus for "re-education," which required closer supervision and additional training. The Hospital stated that it was reassigning Jarrell because his response to an April 2, 2011 memorandum from the Hospital raised concerns about his clinical practices. The April 2 memorandum had been issued in response to a March 18, 2011 incident in which a nurse reported an abnormality in a patient's condition to Jarrell—the specialist Respiratory Therapist ("RT") on duty—and Jarrell failed to document his efforts to determine whether the abnormality was merely an improper equipment reading, as he believed it to be. The patient was later emergently transferred to an acute care hospital.

The district court held that Jarrell failed to demonstrate that the issuing of the April 11 memorandum and his reassignment occurred under circumstances giving rise to an inference of discrimination. Jarrell, who is African American, contends that the district court ignored evidence that his Caucasian co-workers failed to take appropriate action in response to the patient's condition on March 18 but were not subjected to disciplinary action. Jarrell's argument is meritless. Although he asserts in an affidavit that certain nurses and unidentified RTs on duty before and after his shift on March 18 failed to document any improper equipment readings, he offered no evidence that the equipment monitoring the patient was displaying the same abnormalities during the time of his co-workers' shifts. Furthermore, the nurse who was present during Jarrell's shift did document the abnormalities, unlike Jarrell. Thus, Jarrell did not demonstrate that these co-workers were similarly situated. Moreover, even if Jarrell had demonstrated that these co-workers were similarly situated, he has failed to offer any evidence that the Hospital's proffered reason for his reassignment—concern about his failure to appropriately document his treatment of patients—was a mere pretext for racial discrimination. Accordingly, the district court properly granted summary judgment on Jarrell's race discrimination claims.[2]

## 2. Retaliation

To establish a prima facie case of retaliation under Title VII, a plaintiff is required to show that: (1) he participated in a protected activity known to the defendant; (2) he

[also] the same as under Title VII." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 556 (2d Cir. 2010).

[2] Because we conclude that Jarrell's discrimination claims fail for the foregoing reasons, we need not reach the Hospital's argument that the April 11 memorandum and Jarrell's reassignment did not constitute adverse employment actions.

experienced an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action.[3]  *See Terry*, 336 F.3d at 141.

Jarrell argues that the Hospital terminated his employment in retaliation for his April 11, 2011 complaint to the Connecticut Department of Public Health ("DPH").   On appeal, he claims that it "should be for a jury to decide whether or not [his termination] was due to the DPH investigation" of his complaint.   Appellant Br. at 24.   The district court did not dismiss his retaliation claim for lack of causation, however.   Rather, the district court found that Jarrell had offered no evidence that he was retaliated against for engaging in a protected activity— that is, for opposing an employment practice made unlawful by Title VII or Section 1981—since his DPH complaint did not allege any discrimination premised on race.   We agree.   *See Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000) ("The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination."), *superseded on other grounds by* Local Civil Rights Restoration Act of 2005, N.Y.C. Local L. No. 85.   The district court therefore properly granted summary judgment on Jarrell's retaliation claims.

### 3.   Disability Discrimination

"ADA employment discrimination claims are subject to the familiar burden-shifting analysis established by the Supreme Court in *McDonnell Douglas Corp.*"   *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006).   "To establish a prima facie case under the ADA, a plaintiff must show . . . that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability."   *Id.* (internal quotation marks omitted).[4]

The district court rejected Jarrell's disability discrimination claims, finding that Jarrell sought indefinite leave to be treated for his psychological conditions and that this was not a "reasonable" accommodation for his disability.   Jarrell argues that the district court erred in concluding that he sought "indefinite leave" because two doctors' notes that he provided to the Hospital stated that he would require a finite period of fourteen weeks before he could return to work.   However, while it is true that one of the notes, from

---

[3]  "Retaliation claims under Title VII and § 1981 are both analyzed pursuant to Title VII principles and the *McDonnell Douglas* burden-shifting evidentiary framework."   *Littlejohn v. City of New Y*ork, 795 F.3d 297, 315 (2d Cir. 2015) (footnote omitted).

[4] Connecticut courts apply these same standards to claims under the CFEPA.   *See Curry v. Allan S. Goodman, Inc.*, 286 Conn. 390, 415-16 (2008).

Jarrell's psychologist Peter Radasch, stated that Jarrell would "remain disabled for another 14 weeks," J.A. 122, the second note, from Dr. Robert A. Fox Jr., stated that Jarrell's disability "should continue for *at least* another 14 weeks," J.A. 121 (emphasis added). When the Hospital questioned Jarrell as to whether he would be able to return to work at the end of the fourteen week period, he only responded that it "depend[ed] on [his] medical team." Dist. Ct. Dkt. No. 69 ¶¶ 36-37. Jarrell concedes that he made no attempt afterward to ascertain from his doctors when he would be able to return to work.

This case is thus unlike *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184-86 (2d Cir. 2006), where we held that genuine factual disputes precluded summary judgment on a plaintiff's reasonable accommodation claim. There, the plaintiff testified that when his employer questioned him about his ability to return to his full duties following an injury, he responded that he "was trying to make a[] [doctor's] appointment" but that it would take "a couple weeks." *Id.* at 183-85. We concluded that a reasonable juror could have found that the plaintiff had requested a reasonable accommodation of "two weeks of leave—a finite amount of time—to see [his doctor] and learn of his chances for rehabilitation," which his employer denied. *See id.* at 186. Here, in contrast, Jarrell did not request an opportunity to consult with his doctors before his employers made a decision on his request for additional leave, nor did he attempt to ascertain when he would actually be able to return to work. Under these circumstances, we agree with the district court that the accommodation Jarrell sought was in essence an indeterminate period of leave and that no genuine dispute exists that such accommodation would be unreasonable. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 338 (2d Cir. 2000) ("The duty to make reasonable accommodations does not, of course, require an employer to hold an injured employee's position open indefinitely while the employee attempts to recover . . . ."). The district court therefore correctly granted the Hospital summary judgment on Jarrell's disability discrimination claims.

We have considered Jarrell's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court